Arch E. Schwartz, Respondent, *v.* F. Eugene Nortz, Appellant, Impleaded with Lawrence J. Hirsch and Others, Defendants.

First Department, May 18, 1934.

*Otto C. Sommerich* of counsel [*Henry F. Pine* with him on the brief; *Katz & Sommerich*, attorneys], for the appellant.

*Leroy M. Barkin* of counsel [*Harry Metrick* with him on the brief; *Leroy M. Barkin*, attorney], for the respondent.

Glennon, J. This is an appeal from an order made at Special Term denying the motion of the defendant Nortz to dismiss the amended complaint as to him, on the ground that it fails to state facts sufficient to constitute a cause of action.

Respondent set forth two causes of action in the alternative, one against the three individual defendants, Lawrence J. Hirsch, Arthur Rittmaster and David H. Rittmaster, who are engaged in business under the firm name of Morris & Smith, and the other against the appellant, Nortz.

The respondent, being in doubt as to the persons from whom he is entitled to redress, pleaded the two causes of action under the provisions of section 213 of the Civil Practice Act. In the cause of action against the copartnership defendants, he alleged, in substance, that they breached his instructions to buy a Commodity Exchange seat by purchasing the seat "through its agent in the name of defendant, F. Eugene Nortz." The price of the seat together with the initiation fee is claimed to be in the sum of $5,100. It is further alleged that on the 14th day of July, 1933, there was due and owing from the defendants Hirsch, Arthur and David H.

Rittmaster a sum in excess of $5,100, and that the plaintiff paid the agreed price by authorizing those defendants to deduct the $5,100 from the sum due and owing from the firm to him. In addition thereto, it is alleged that plaintiff has not received any evidence of the ownership of the membership in the Commodity Exchange, nor has he received any other property or thing in return for the sum of $5,100, so as to enable him to make a tender to the defendants. Plaintiff has elected, therefore, to rescind the transaction and seeks to recover damages in the sum of $5,100, with interest.

The cause of action which is pleaded in the alternative against the defendant Nortz is fatally defective. While in substance the pleader has charged the same facts upon which he relies to recover against the members constituting the firm of Morris & Smith, he nowhere alleges that the defendant Nortz received any money or thing of value from the firm to purchase the seat. At the most he stated that he authorized the firm of Morris & Smith to pay the sum of $5,100 to defendant Nortz for the purpose of making the purchase. It may be that Nortz used his own funds, rather than the money which plaintiff claimed was due and owing from Morris & Smith, in the purchase of the membership.

In *National Trust Company* v. *Gleason* (77 N. Y. 400, at p. 403) the court said: " To maintain such an action it is necessary to establish that the defendants have received money belonging to the plaintiff or to which it is entitled. That is the fundamental fact upon which the right of action depends. It is not sufficient to show that they have by fraud or wrong caused the plaintiff to pay money to others, or to sustain loss or damage."

If plaintiff has a cause of action against Nortz, he should have no difficulty in setting forth appropriate allegations.

For the reason stated herein, the order should be reversed, with twenty dollars costs and disbursements; and the motion granted, with ten dollars costs, with leave to the plaintiff to serve a further amended complaint within twenty days on payment of said costs.

FINCH, P. J., MERRELL, TOWNLEY and UNTERMYER, JJ., concur.

Order reversed, with twenty dollars costs and disbursements, and motion granted, with ten dollars costs, with leave to the plaintiff to serve a further amended complaint within twenty days from service of order upon payment of said costs.